**Fill in this information to identify the case:**

Debtor 1: David Stanley Smith

Debtor 2 (Spouse, if filing): _____

United States Bankruptcy Court for the: Eastern District Of Arkansas

Case number: 4:19-bk-14454

Official Form 410

# Proof of Claim — Amended                                04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Wayne English and William Burris
Name of the current creditor (the person or entity to be paid for this claim)
Other names the creditor used with the debtor: _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Ogles Law Firm, P.A.
Name
200 South Jeff Davis
Number    Street
Jacksonville        AR        72076
City                State      ZIP Code
Contact phone 501-982-8339
Contact email jogles@aol.com

Where should payments to the creditor be sent? (if different)
Name _____
Number    Street
City    State    ZIP Code
Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) 9    Filed on 2/18/20

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                Proof of Claim                page 1

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?
   - ☐ No
   - ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___

7. How much is the claim? $ 177,296.25. Does this amount include interest or other charges?
   - ☐ No
   - ☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   Mortgage

9. Is all or part of the claim secured?
   - ☐ No
   - ☒ Yes. The claim is secured by a lien on property.

   Nature of property:
   - ☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   - ☐ Motor vehicle
   - ☐ Other. Describe: ___

   Basis for perfection: Mortgage
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   Value of property: $ 241,877.00
   Amount of the claim that is secured: $ 177,296.25
   Amount of the claim that is unsecured: $ 0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

   Amount necessary to cure any default as of the date of the petition: $ 40,593.44

   Annual Interest Rate (when case was filed) 6.00 %
   - ☒ Fixed
   - ☐ Variable

10. Is this claim based on a lease?
    - ☒ No
    - ☐ Yes. Amount necessary to cure any default as of the date of the petition. $ ___

11. Is this claim subject to a right of setoff?
    - ☐ No
    - ☐ Yes. Identify the property: ___

Official Form 410     Proof of Claim     page 2

| | |
|---|---|
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. Check one:                          **Amount entitled to priority**<br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____<br>☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____<br>☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____<br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____<br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____<br>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.    $_____<br>* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    02/18/2020
                     MM / DD / YYYY

       *John Ogles*
       Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | John Ogles<br>First name     Middle name     Last name |
| Title | Attorney |
| Company | Ogles Law Firm, P.A.<br>Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 200 South Jeff Davis<br>Number    Street<br>Jacksonville                   Ar    72076<br>City                               State   ZIP Code |
| Contact phone | 501-982-8339       Email jogles@aol.com |

# Mortgage Proof of Claim Attachment (12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

## Part 1: Mortgage and Case Information

- Case number: 19-bk-14454
- Debtor 1: David Stanley Smith
- Debtor 2:
- Last 4 digits to identify: 6753
- Creditor: Wayne English
- Servicer:
- Fixed accrual/daily simple interest/other:

## Part 2: Total Debt Calculation

- Principal balance: $144,389.19
- Interest due: 27,507.06
- Fees, costs due: 5100.00
- Escrow deficiency for funds advanced:
- Less total funds on hand: −
- Total debt: 177,296.25

## Part 3: Arrearage as of Date of the Petition

- Principal & interest due: $35,493.44
- Prepetition fees due: 5,100.00
- Escrow deficiency for funds advanced: 0
- Projected escrow shortage: 0
- Less funds on hand: 0
- Total prepetition arrearage: 40,593.44

## Part 4: Monthly Mortgage Payment

- Principal & interest: $1,109.17
- Monthly escrow:
- Private mortgage insurance:
- Total monthly payment: 1,109.17

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1-1-17 | 1109.17 | 0 | | | 1-1-18 | | | | | | | | | | | |
| ↓ | no payments | | | | ↓ | | | | | | | | | | | |
| 9-1-19 | 1109.17 | 0 | | | 9-1-19 | | | | | | | | | | | |

Official Form 10A    Mortgage Proof of Claim Attachment    page 1 of __

WHEN RECORDED RETURN TO:

AMERICAN ABSTRACT & TITLE CO.
5600 JFK BLVD.
NORTH LITTLE ROCK, AR 72116
(501) 791-0500
#N10367



2004 Page 5 of 16
08/03/2004 09:19:04 AM
Filed & Recorded in
Official Records of
CAROLYN STALEY
PULASKI COUNTY
CIRCUIT/COUNTY CLERK
Fees $17.00

100381

# MORTGAGE

**KNOW ALL MEN BY THESE PRESENTS:**

That I, **DAVID S. SMITH**, (hereinafter called "Mortgagor," whether one or more) for a valuable consideration, do hereby grant, bargain, sell, convey and deliver unto **HOWARD BURRIS**, (hereinafter called "Mortgagee," whether one or more), and unto his heirs, personal representatives and assigns, the following described property situated in Pulaski County, Arkansas:

**LOT 50, BLOCK 13, OVERBROOK ADDITION TO THE CITY OF NORTH LITTLE ROCK, PULASKI COUNTY, ARKANSAS**

This mortgage also conveys all buildings and improvements now or at any time hereafter located on any land hereinabove described, together with all of the following equipment now or at any time hereafter located in such building regardless of method of annexation or removability: All electrical equipment (including lighting equipment, refrigeration equipment, ceiling fans, attic and window fans, motors and all other electrical paraphernalia) except items attached merely by plugging in wall sockets; all furnaces (including floor furnaces), heaters, radiators and all other heating equipment except small gas stoves on floor; all bath tubs, toilets, sinks, basins, pipes and other plumbing equipment; all screens, awnings, and window shades; all linoleum and other permanent floor coverings; all engines and elevators.

TO HAVE AND TO HOLD the same unto HOWARD BURRIS, and his heirs, personal representatives, and assigns forever.

And Mortgagor covenants with Mortgagee, his heirs, personal representatives, and assigns, that Mortgagor will forever warrant and defend the title to all said property against all lawful claims whatever.

PROVIDED, however, the foregoing conveyance is given as a Mortgage for the purpose of securing the following:

(a) The payment of a promissory note, of even date herewith, and all successive extensions and renewals of the indebtedness represented thereby, evidencing a principal indebtedness (which indebtedness, and all extensions and renewals thereof is hereinafter called the "Primary Indebtedness") of **ONE HUNDRED EIGHTY-FIVE THOUSAND AND NO/100 DOLLARS ($185,000.00)** executed by DAVID S. SMITH, payable to the order of Mortgagee, said note bearing Six Percent (6%) per annum interest from date until maturity, and after maturing (meaning either normal maturity or maturity created by acceleration) at the maximum legal rate allowed by law, said note being payable as to principal and interest as follows, with said monthly payments to be applied first to interest:

A payment of One Thousand One Hundred Nine Dollars and Seventeen Cents ($1,109.17) payable on or before the first day of September, 2004, and a like payment of One Thousand One Hundred Nine Dollars and Seventeen Cents ($1,109.17) payable on the first day of each succeeding month until the entire balance is paid in full.

(b) Also, the payment of all future and additional indebtedness, direct or indirect, created after the date of this mortgage, which may be owing by Mortgagor (or by any of the persons herein designated under the term "Mortgagor") to the holder of the Primary Indebtedness at any time prior to the payment in full with interest of the Primary Indebtedness or the foreclosure of this mortgage therefor (the event

Page 1 of 4

EXHIBIT B

occurring first to be controlling); such additional indebtedness to be secured hereby regardless of whether it shall be predicated upon future loans or advances hereafter made by the holder of the Primary Indebtedness, or obligations hereafter acquired by such holder through assignment or subrogation or otherwise, or shall represent indirect obligations (created after the date of this mortgage) based upon any endorsements, guaranties or suretyship; AND IT IS AGREED THAT THIS MORTGAGE SHALL STAND AS SECURITY FOR ALL SUCH FUTURE AND ADDITIONAL INDEBTEDNESS WHETHER IT BE INCURRED FOR ANY BUSINESS PURPOSE THAT WAS RELATED OR WHOLLY UNRELATED TO THE PURPOSE OF THE ORIGINAL LOAN, OR WHETHER IT WAS INCURRED FOR SOME PERSONAL OR NON-BUSINESS PURPOSE, OR FOR ANY OTHER PURPOSE RELATED OR UNRELATED, OR SIMILAR OR DISSIMILAR, TO THE PURPOSE OF THE ORIGINAL LOAN.

(c) Also, the repayment to the holder of the indebtedness secured hereby of all reimbursable expense at any time accruing to such holder under the provisions of Paragraph (3) hereof.

Upon the payment of all such sums, this Mortgage will become void and will be released by a proper marginal notation or, at the option of the holder of the secured debt, by a release deed to be recorded at the expense of Mortgagor.

(1) Mortgagor agrees:

(a) To pay, prior to delinquency, all taxes, special improvement assessments and other governmental charges against the mortgaged property, both real and personal, at any time levied or becoming due.

(b) To carry insurance upon all insurable property encumbered hereby against such hazards, in such amounts and under such form of policies, as shall be acceptable to, or requested by, the holder of the indebtedness secured hereby; each insurance policy to carry mortgage clause in favor of such holder upon such form as may be approved by the holder, and each policy to be delivered to and held by such holder. Also to carry public liability insurance, and insurance against other hazards, to such extent as may be requested by the holder of the secured indebtedness. In each instance, Mortgagor shall have the right to select the insurer, subject to Mortgagee's right to reject the proposed insurer for reasonable cause.

(c) To prevent the mortgaged property from becoming encumbered by any lien or charge having priority over, or on a parity with, the lien of this mortgage; and to comply with all statutes, ordinances and regulations relating to such property.

(d) To protect the mortgaged property from waste, injury or unusual deterioration and, without subjecting the property to any statutory lien, to make all replacements and repairs necessary to keep the mortgaged property in good physical condition. In that connection, it is agreed that Mortgagor may not cut the timber from any land encumbered hereby; moreover, Mortgagor may not remove or substantially remodel or alter any structure on the mortgaged land without prior written consent of the holder of the secured indebtedness.

(2) The holder of the Primary Indebtedness or any future or additional indebtedness secured hereby under Paragraph (4)(b) hereof (whether such indebtedness then be evidenced by the original note or by any instruments) given in renewal or extension of such indebtedness) may, at the option of such holder, declare the entire unmatured portion of all indebtedness secured hereby, together with all interest accrued on the entire secured debt, to be immediately due and payable, and the same shall forthwith become immediately due and payable (which acceleration of maturity may be accomplished without notice to anyone), in any one of the following events:

(a) Upon the filing of a voluntary or involuntary petition to subject Mortgagor (or any party obligated as maker, endorser, surety or guarantor for the payment of the secured indebtedness) to any

bankruptcy, debt-adjustment, receivership or other insolvency proceeding.

 (b) Upon the occurrence of any event which, under the terms of the instruments) at any time evidencing the indebtedness secured hereby, warrants an acceleration (at the option of the payee) of the maturity of said indebtedness.

 (c) If default shall be made in the payment of any part of the principal indebtedness secured hereby, or any interest accruing on such principal indebtedness, as the same becomes due and payable according to the terms of the original note, or of any extension or renewal thereof at any time evidencing such indebtedness.

 (d) If Mortgagor shall fail to comply with any of the agreements contained in Paragraph (1) of this mortgage.

 (e) If Mortgagor, being a partnership or a corporation, shall be dissolved or reorganized in any manner.

 (f) If at any time it should appear that the Mortgagor has attempted to sell free from the lien of this Mortgage any personal property or removable fixture encumbered hereby, or is about to attempt such a sale; or that any personalty or removable fixture encumbered hereby has been, or is about to be, moved to a different jurisdiction, subjected to a physical damage or unusual deterioration, seized under legal process, or subjected by the Mortgagor or a third party to any other disposition which in the opinion of the holder of the secured indebtedness will impair the security value of this instrument.

 (g) If at any time it shall appear that any financial statement or other representation made to obtain the loan secured hereby is materially incorrect; or that Mortgagor's title to the mortgaged properties, or any portion thereof, is subject to any prior lien, title or interest not mentioned in this mortgage as a prior encumbrance.

 (h) If at any time Mortgagor shall sell or convey the title to or any interest in any realty mortgaged hereunder without the prior written consent of the holder of the secured indebtedness.

 It is particularly understood that the foregoing acceleration provisions will be applicable not only to the maturities recited in the original mortgage note but also to any substituted maturities created by extension or renewal. The failure of the holder of the secured indebtedness to declare any acceleration of maturities when a ground therefor exists, even though such forbearance may be repeated from time to time, will not constitute a waiver of the right of such holder to accelerate maturities upon a reoccurrence of the same ground therefore, nor will the act of such holder in remedying any condition resulting from the Mortgagor's default bar the holder from declaring an acceleration of maturities by reason of such default.

 (3) If the holder of the indebtedness secured hereby shall expend any sum or sums for the protection of any of the mortgaged property or the lien of this mortgage (such holder to have uncontrolled discretion as to the necessity of making any such expenditures), the repayment of such sum or sums on demand (with interest thereon at the rate of 6% per annum from the date of each expenditure) shall be the personal obligation of the Mortgagor; and such obligation to repay will constitute a part of the indebtedness secured hereby. The expenditures thus made reimbursable will include (without limiting the foregoing) taxes, special improvement assessments, insurance premiums, repairs and maintenance expenses, watchman's compensation, sums paid to discharge prior liens, rents on premises in which mortgaged personalty may be situated, etc. The cost of the abstract or supplemental abstract procured by the holder of the secured indebtedness to facilitate foreclosure will also constitute a part of the reimbursable expense secured hereby.

 (4) In the event of a default hereunder the holder of the indebtedness secured hereby shall be entitled to pursue its remedies provided by judicial proceedings in the Circuit Court of Pulaski County, Arkansas.

(a) Such holder may require the Mortgagor to assemble (at Mortgagor's expense) any or all of the personal property encumbered hereby and make it available to such holder at a place specified by such holder which is reasonably convenient to both parties; and such holder may enforce all of its or their remedies, in respect to the encumbered personal property, that may be available under the Uniform Commercial Code. In the last event all expenses of retaking, holding, preparing for sale, selling or the like, as well as all reasonable attorney's fees (not exceeding 10% of the secured indebtedness plus accrued interest) and lawful expenses incurred by said holder in enforcing such remedies shall be payable to said holder by Mortgagor and shall constitute a part of the secured indebtedness.

(b) The holder of the indebtedness secured hereby may enforce the lien of this mortgage in respect to all real and personal property encumbered hereby by proceedings that are prosecuted simultaneously or are prosecuted separately in such order as the holder may select.

(5) The Mortgagor releases all right of appraisement hereunder and also releases unto the Mortgagee all right of redemption under the laws of Arkansas, including particularly all right of redemption under the Act of May 8, 1899, and amendments thereto.

EXECUTED on this 26th day of July, 2004.

DAVID S. SMITH

ACKNOWLEDGMENT

STATE OF ARKANSAS )
) ss.
COUNTY OF PULASKI )

On the 26th day of July, 2004, personally appeared before me, the undersigned Notary Public, David S. Smith, satisfactorily proven to be the person whose name is subscribed to the foregoing instrument, who stated that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

Sharon K. Stelter
Notary Public

My Commission Expires:
December 15, 2012



Instrument Prepared by:

Richard A. Hutto
Ark. Bar No. 86194
406 W. Pershing Blvd.
North Little Rock, AR 72114
(501) 758-3320

Page 4 of 4



This instrument prepared by
and when recorded return to:
William V. Linne, Esquire
Post Office Box 12347
Pensacola, Florida 32591-2347

STATE OF ARKANSAS
COUNTY OF PULASKI

## ASSIGNMENT OF MORTGAGE

We, **WILLIAM DAVID BURRIS and DEBORAH LEE ENGLISH, as Trustees under the Revocable Living Trust Agreement of Howard H. Burris dated December 4, 1999**, the undersigned owners through assignment of a Mortgage and the indebtedness secured thereby, made by **DAVID S. SMITH**, dated July 26, 2004, in the original principal amount of **$185,000.00**, recorded in Official Records of Carolyn Staley, Pulaski County, Arkansas Circuit/County Clerk, as Document No. 2004064221 to Howard H. Burris, and assigned to the Revocable Living Trust Agreement of Howard H. Burris dated December 4, 1999, said assignment recorded in Official Records of Carolyn Staley, Pulaski County, Arkansas Circuit/County Clerk, as Document No. 2004102286,, for valuable consideration do hereby assign and transfer **fifty percent interest (50%)** in the above described mortgage and indebtedness to **DEBORAH L. ENGLISH and WAYNE M. ENGLISH, as Trustee under the Revocable Living Trust Agreement of Deborah L. English dated February 27, 2007**, their successors and assigns, forever.

EXECUTED this 27th day of December, 2011.

_____           _____
WILLIAM DAVID BURRIS, as Trustee    DEBORAH LEE ENGLISH, as Trustee
under the Revocable Living Trust Agreement   under the Revocable Living Trust Agreement
of Howard H. Burris dated December 4, 1999   of Howard H. Burris dated December 4, 1999

STATE OF FLORIDA
COUNTY OF ESCAMBIA             ACKNOWLEDGMENT

On the 27th day of December, 2011, personally appeared before me, the undersigned Notary Public, WILLIAM DAVID BURRIS, as Trustee under the Revocable Living Trust Agreement of Howard H. Burris dated December 4, 1999, satisfactorily proven to be the person whose name is subscribed to the foregoing instrument, and who is personally known to me, who stated that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_____
NOTARY PUBLIC
Typed Name: Jan E. Langford
My Commission No.: EE 46222
My Commission Expires: 02/11/2015

1

STATE OF FLORIDA  
COUNTY OF ESCAMBIA                    ACKNOWLEDGMENT

On the 27th day of December, 2011, personally appeared before me, the undersigned Notary Public, DEBORAH LEE ENGLISH, as Trustee under the Revocable Living Trust Agreement of Howard H. Burris dated December 4, 1999, satisfactorily proven to be the person whose name is subscribed to the foregoing instrument, and who is personally known to me, who stated that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_____  
NOTARY PUBLIC  
Typed Name: Jan E. Langford  
My Commission No.: EE 46222  
My Commission Expires: 02/11/2015

clients\burris\trustadm\trustdist\mortgage asn-smith.debby

2



This instrument prepared by
and when recorded return to:
William V. Linne, Esquire
Post Office Box 12347
Pensacola, Florida 32591-2347

STATE OF ARKANSAS
COUNTY OF PULASKI

## ASSIGNMENT OF MORTGAGE

We, **WILLIAM DAVID BURRIS and DEBORAH LEE ENGLISH, as Trustees under the Revocable Living Trust Agreement of Howard H. Burris dated December 4, 1999**, the undersigned owners through assignment of a Mortgage and the indebtedness secured thereby, made by **DAVID S. SMITH**, dated July 26, 2004, in the original principal amount of **$185,000.00**, recorded in Official Records of Carolyn Staley, Pulaski County, Arkansas Circuit/County Clerk, as Document No. 2004064221, to Howard H. Burris, and assigned to the Revocable Living Trust Agreement of Howard H. Burris dated December 4, 1999, said assignment recorded in Official Records of Carolyn Staley, Pulaski County, Arkansas Circuit/County Clerk, as Document No. 2004102286, for valuable consideration do hereby assign and transfer **fifty percent interest (50%)** in the above described mortgage and indebtedness to **WILLIAM BURRIS, as Trustee under the Revocable Living Trust Agreement of William Burris dated February 1, 2007**, his successors and assigns, forever.

EXECUTED this 27th day of December, 2011.

_____            _____
WILLIAM DAVID BURRIS, as Trustee            DEBORAH LEE ENGLISH, as Trustee
under the Revocable Living Trust Agreement    under the Revocable Living Trust Agreement
of Howard H. Burris dated December 4, 1999    of Howard H. Burris dated December 4, 1999

STATE OF FLORIDA
COUNTY OF ESCAMBIA            ACKNOWLEDGMENT

On the 27th day of December, 2011, personally appeared before me, the undersigned Notary Public, WILLIAM DAVID BURRIS, as Trustee under the Revocable Living Trust Agreement of Howard H. Burris dated December 4, 1999, satisfactorily proven to be the person whose name is subscribed to the foregoing instrument, and who is personally known to me, who stated that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

_____
NOTARY PUBLIC
Typed Name: Jan E. Langford
My Commission No.: EE 46222
My Commission Expires: 02/11/2015

1

STATE OF FLORIDA
COUNTY OF ESCAMBIA                    ACKNOWLEDGMENT

On the 27th day of December, 2011, personally appeared before me, the undersigned Notary Public, DEBORAH LEE ENGLISH, as Trustee under the Revocable Living Trust Agreement of Howard H. Burris dated December 4, 1999, satisfactorily proven to be the person whose name is subscribed to the foregoing instrument, and who is personally known to me, who stated that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

[Notary Seal: JAN E. LANGFORD, NOTARY PUBLIC, STATE OF FLORIDA, My Comm. Expires Feb. 11, 2015, No. EE 46222]

_Jan E. Langford_
NOTARY PUBLIC
Typed Name: Jan E. Langford
My Commission No.: EE 46222
My Commission Expires: 02/11/2015

clients\burris\trustadm\trustdist\mortgage asn-smith.bill

2

(8)

**WILLIAM V. LINNE AND GARY W. HUSTON**
ATTORNEYS AT LAW, PLLC
17 WEST CEDAR STREET, SUITE 3
PENSACOLA, FLORIDA 32502

TEL. (850) 433-2224
FAX (850) 439-5502
E-MAIL: blinne@linnelaw.com
32591-2347
E-MAIL: gary@linnehuston.com

MAILING ADDRESS:
POST OFFICE BOX 12347
PENSACOLA, FLORIDA

WILLIAM V. LINNE, J.D., L.L.M.
FLORIDA BAR BOARD CERTIFIED IN TAXATION
GARY W. HUSTON, J.D., L.L.M.
FLORIDA BAR BOARD CERTIFIED IN TAXATION
FLORIDA BAR BOARD CERTIFIED IN ESTATE PLANNING

April 26, 2019

Mr. David S. Smith
5709 North Hills Boulevard
North Little Rock, Arkansas 72116

Re: Demand for payment of past-due installments on promissory note to Howard H. Burris dated July 26, 2004, and notice of intent to accelerate unpaid principal balance and accrued interest owned on note.

Dear Mr. Smith:

Our firm represents Wayne M. English, as the Trustee under the Revocable Living Trust Agreement of Deborah L. English and William Burris, as Trustee under the Revocable Living Trust Agreement of William Burris, the noteholders, in connection with your indebtedness owed on the note executed by you, dated July 26, 2004, payable to the order of Howard H. Burris, in the original principal amount of $ 185,000.00.

You are delinquent in the payment of 28 monthly installments of $1,109.17 each due under said promissory note since you last payment for December of 2016. As of this date you owe to the noteholders a total of $31,821.29 in past due principal and interest payments. You may contact me at the firm's address to obtain a complete statement and to arrange for payment of this debt.

Demand is hereby made for payment on or before June 1, 2019, in full for the balance owed on these past-due installments plus interest and all reasonable attorney's fees incurred in collection these amounts, which are permitted under the note and/or mortgage.

The loan documents executed by you provided that upon default in the punctual payment of the installments due on the note, the unpaid principal balance of the note may be matured at the option of the noteholder. You are notified that if the unpaid balance due on the past-due installments, interest on the past-due installments, and reasonable attorney's fees incurred by the noteholder are not paid before June 1, 2019, the maturity of the unpaid balance of the principal of the note shall automatically be accelerated as of 11.59 p.m. on that date, and the entire unpaid principal balance plus all accrued and earned interest shall become immediately due and payable as of that time

EXHIBIT __C__



Mr. David S. Smith
April 26, 2019
Page 2

without further notice, demand, or other action. If you do not make up the delinquent payments with interest and pay any attorney's fees appropriate or reimbursable under the loan documents that have accrued as of June 1, 2019, you shall owe and be immediately required to pay the noteholders the principal sum of $144,389.57, plus accrued interest through June 1, 2019 of $20,936.49 and plus interest at the rate of 6 percent per annum from June 1, 2019, which is accruing at a rate of $23.74 per day, and reasonable attorney's fees.

If the maturity of the indebtedness is accelerated, our client has instructed us to initiate foreclosure suite under the mortgage executed by you to secure the note. If a deficiency remains on your debt after the foreclosure sale, the noteholder may seek to hold you personally liable for any deficiency remaining after such foreclosure. The exercise of such rights shall not constitute a waiver of the other rights and remedies held by the noteholder.

Your very truly,

William V. Linne



DAVID SMITH

|  | Initials | Date |
|---|---|---|
| Prepared By |  |  |
| Approved By |  |  |

© WILSON JONES    G7205 GREEN

| Payment # | Month Due | Date Received | CK # | Amount |  |
|---|---|---|---|---|---|
| 1 | 99 | NOV 2012 | ? | 2084 | 554.59 |
| 2 | 100 | DEC. 2012 | 12/18/12 | 2095 | 554.59 |
| 3 | 101 | JAN 2013 | 1-16-13 | 2107 | 554.59 |
| 4 | 102 | FEB 2013 |  | 2122 | 554.59 |
| 5 | 103 | MARCH 2013 | 3-30-13 | 2140 | 554.59 |
| 6 | 104 | APRIL 2013 |  | 2159 | 554.59 |
| 7 | 105 | MAY 2013 |  | 2170 | 554.59 |
| 8 | 106 | JUNE 2013 | 6/18/2013 | 2189 | 554.59 |
| 9 | 107 | JULY 2013 | 7/20/2013 | 2205 | 554.59 |
| 10 | 108 | AUG 2013 |  | 2217 | 554.59 |
| 11 | 109 | SEPT 2013 |  | 2235 | 554.59 |
| 12 | 110 | OCT 2013 |  | 2247 | 554.59 |
| 13 | 111 | NOV 2013 |  | 2253 | 554.59 |
| 14 | 112 | DEC 2013 |  | 2264 | 554.59 |
| 15 | 113 | JAN. 2014 |  | 2277 | 554.59 |
| 16 | 114 | FEB 2014 |  | 2288 | 554.59 |
| 17 | 115 | MARCH 2014 |  | 2298 | 554.59 |
| 18 | 116 | APRIL 2014 |  | 2309 | 554.59 |
| 19 | 117 | MAY 2014 |  | 2319 | 554.59 |
| 20 | 118 | JUNE '14 |  | 2332 | 554.59 |
| 21 | 119 | JULY '14 |  | 2356 | 554.59 |
| 22 | 120 | AUG 2014 |  | 2366 | 554.59 |
| 23 | 121 | SEPT 2014 |  | 2375 | 554.59 |
| 24 | 122 | OCT 2014 |  | 2385 | 554.59 |
| 25 | 123 | NOV 2014 |  | 2402 | 554.59 |
| 26 | 124 | DEC. 2014 | 1-2-2015 | 2420 | 554.59 | 1 MONTH LATE |
| 27 | 125 | JAN 2015 | 3-30-2015 | 2450 | 554.59 | LATE |
| 28 | 126 | FEB 2015 | 3-30-2015 | 2451 | 554.59 | LATE |
| 29 | 127 | MARCH 2015 | 4/30/2015 | 2457 | 554.59 | LATE |
| 30 | 128 | APRIL 2015 | 5/15/2015 | 2469 | 554.59 | LATE |
| 31 | 129 | MAY 2015 | 6/15/2015 | 2479 | 554.59 | LATE |
| 32 | 130 | JUNE 2015 | 7/15/2015 | 2493 | 554.59 | LATE |
| 33 | 131 | JULY 2015 | 8/15/2015 | 2502 | 554.59 | LATE |
| 34 | 132 | AUG 2015 | 9/18/2015 | 2514 |  |  |
| 35 | 133 | SEP 2015 |  | 2524 |  |  |
| 36 | 134 | OCT 2015 |  | 2530 |  |  |
| 37 | 135 | NOV 2015 |  | 2542 |  |  |
| 38 | 136 | DEC 2015 |  | 2552 |  |  |
| 39 | 137 | JAN 2016 | 2/15/2016 | 2564 |  |  |

(12)

| # | DUE | RECEIVED | CK # | AMOUNT |
|---|---|---|---|---|
| 141 | MAY 2016 | SEPT 2016 | 2642 | 534.59 |
| 142 | JUNE 2016 | NOV 2016 | 2663 | 534.59 |
| 143 | JULY 2016 | FEB 2017 | 2697 | 534.59 |
| 144 | AUG 2016 | APRIL 2017 | 2712 | 534.59 |
| 145 | SEP 2016 | JUNE 2017 | 2736 | 534.59 |
| 146 | OCT 2016 | JULY 2017 | 2743 | 534.59 |
| 147 | NOV 2016 | SEPT 2017 | 2759 | 534.59 |
| 148 | DEC 2016 | DEC 2017 | 2783 | 534.59 |